IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Rich Sanzeverino, Jr., | ) | |
|     Plaintiff, | ) ) ) | |
| v. | ) ) | No.   14 C 5055 |
| Capital Management Services, LP, a Delaware limited partnership, | ) ) ) ) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Rich Sanzeverino, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Rich Sanzeverino, Jr. ("Sanzeverino"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly to Discover Bank.

4. Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, CMS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant CMS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant CMS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Due to financial difficulties, Mr. Sanzeverino fell behind on paying his Discover Bank debt, which caused his delinquent account to be sent to CMS for collection. On December 9, 2013, Mr. Sanzeverino mailed Defendant CMS a letter, via certified mail, return receipt requested, advising Defendant CMS that he was represented by counsel, providing Defendant CMS with his attorney's contact information, and directing CMS to not contact him. The letter was delivered to CMS on December 12, 2013. A copy of this letter, along with the certified mail receipt, is attached at Exhibit C.

8. Nonetheless, Defendant CMS sent collection letters directly to Mr. Sanzeverino, dated January 8, 2014 and February 10, 2014, demanding payment of the Discover Bank debt. Copies of these collection letters are attached as Group Exhibit D.

9. All of Defendant CMS's collection actions at issue in this matter occurred within one year of the date of this Complaint.

10. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA –
### Communicating With A Consumer Represented By Counsel

11. Plaintiff adopts and realleges ¶¶ 1-10.

12. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

13. Mr. Sanzeverino advised Defendant CMS that he was represented by an attorney through his December 6, 2013 letter to Defendant (Exhibit C). By sending collection letters (Group Exhibit D) directly to Mr. Sanzeverino, despite receiving notice that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

14. Defendant CMS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications

15. Plaintiff adopts and realleges ¶¶ 1-10.

16. Section 1692c(c) of the FDCPA prohibits a debt collector from

3

communicating with a consumer after a direction to cease communications.  See, 15 U.S.C. § 1692c(c).

17.	Mr. Sanzeverino advised Defendant CMS to cease contacting him (Exhibit C).  By continuing to communicate directly with Plaintiff regarding this debt (Group Exhibit D), Defendant violated § 1692c(c) of the FDCPA.

18.	Defendant CMS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Rich Sanzeverino, Jr., prays that this Court:

1.	Find that Defendant CMS's debt collection actions violated the FDCPA;

2.	Enter judgment in favor of Plaintiff Sanzeverino, and against Defendant, for actual and statutory damages;

3.	Award Plaintiff his costs and reasonable attorneys' fees; and,

4.	Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Rich Sanzeverino, Jr., demands trial by jury.

                              Rich Sanzeverino, Jr.,

                              By:/s/ David J. Philipps   
                              One of Plaintiff's Attorneys

Dated:  July 2, 2014

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com